IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 10-70 |
| | ) | |
| COLIN PEAYS | ) | |

## MEMORANDUM OPINION AND ORDER

### I.

On April 20, 2010, Colin Peays was indicted in the United States District Court for the Western District of Pennsylvania for the knowing possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(e). The indictment alleged that on August 21, 2009, Peays—after having been convicted in the Court of Common Pleas of robbery and attempted robbery, which are crimes punishable for more than a year—did knowingly possess, in and affecting interstate commerce, a Taurus .41 magnum caliber revolver. Both parties filed motions in limine.

In *Government's Motions in Limine* [Doc. No. 36], the government moves to: (1) admit Officer Crawshaw's prior testimony before the County Magistrate; (2) admit Officer Crawshaw's sworn statement given in his search warrant affidavit; (3) admit expert testimony from DEA Task Force Officer Michael Warfield characterizing guns as "tools of the trade" for drug traffickers; and (4) admit Peays' prior convictions should Peays choose to testify. In *Defendant's First Motion in Limine* [Doc. No. 34], Peays moves to exclude testimony from expert witnesses as to whether Peays knowingly possessed the firearm. In *Defendant's Second Motion in Limine* [Doc. No. 35], Peays

1

moves to exclude evidence of masks and handcuffs during cross-examination of Dangela Brown. In *Defendant's Third Motion in Limine* [Doc. No. 57], Peays moves to: (1) exclude robbery evidence; (2) exclude testimony from Brown regarding Peays' prior contact with the gun; (3) exclude testimony from Officer Wynn regarding Peays' reaching movement; and (4) exclude evidence of cocaine possession, evidence of the cocaine transaction, and testimony from Officer Warfield that a gun is a tool of a drug dealer's trade.

## II.

This Court denies the government's motion in limine to admit Officer Crawshaw's prior testimony taken before the County Magistrate regarding Peays' leaning forward under the front seat of his car as Officer Crawshaw approached him. Under Federal Rules of Evidence (FRE) 804(b)(1), "[t]estimony given as a witness at another hearing of the same or a different proceeding" is admissible if the declarant is unavailable as a witness and "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Officer Crawshaw is unavailable to testify, and Peays had an opportunity to cross-examine. The general rule for determining whether there was a similar motive is that the issues in the two proceedings need not be identical. *United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring); *United States v. McFall*, 558 F.3d 951, 963 (9th Cir. 2009). But "[t]he situation is not necessarily the same where the two proceedings are different in significant respects, such as their purposes or the applicable burden of proof." *United v. States v. DiNapoli*, 8 F.3d 909, 913 (2d Cir. 1993). At the

preliminary hearing in which Officer Crawshaw testified, the prosecution was only required to prove a prima facie case against Peays. Regardless of whether Peays reached under his seat, the prosecution satisfied this burden by proving that Peays was the sole occupant of the car and the firearm was found in the car. As a result, Peays did not possess the requisite similar motive to cross-examine Officer Crawshaw regarding Peays' reaching movements.

This Court denies the government's motion in limine for the admission of Officer Crawshaw's sworn statement given in his search warrant affidavit. In *Crawford v. Washington*, the Supreme Court held that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." 541 U.S. 36, 59 (2004). This opportunity to cross-examine must be "adequate." *Id.* at 57. Affidavits are testimonial statements. *United States v. Hinton*, 423 F.3d 355, 359 (3d Cir. 2005). The opportunity to cross-examine was unrelated to the testimonial statement and does not amount to an adequate opportunity to cross-examine.

This Court grants the government's motion in limine for the admission of expert testimony from Officer Warfield characterizing guns as "tools of the trade" for drug traffickers. "It is settled law that an expert may testify about common behavior patterns in a profession or subculture." *United States v. Price*, 458 F.3d 202, 212 (3d Cir. 2006). This Court will allow testimony from Officer Warfield so long as he does not draw the ultimate conclusion regarding whether Peays knowingly possessed the firearm. *See United States v. Watson*, 260 F.3d 301, 309 (3d Cir. 2001).

This Court grants in part and denies in part the government's motion in limine to admit evidence of Peays' prior convictions under FRE 609, should Peays choose to testify. Evidence that an accused has been convicted of a crime is admissible only if: (1) the crime was punishable by death or imprisonment in excess of one year, and (2) the probative value of admitting this evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1). All four of Peays' prior convictions were punishable by more than one year of imprisonment. However, Peays' prior convictions for carrying a firearm without a license are more prejudicial than probative because the offenses are substantially similar to the instant charge. *See Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982). Under this same analysis, Peays' remaining prior convictions for robbery are admissible with limitations. The prosecution may not reference or elicit testimony regarding Peays' use of a firearm in either robbery. Furthermore, this Court will instruct the jury to consider the robbery convictions for impeachment purposes only. In sum, Peays' prior convictions for carrying a firearm without a license are inadmissible, and Peays' prior convictions for robbery are admissible with the aforementioned limitations and instructions.

This Court grants Peays' motion in limine for the exclusion of testimony from prospective expert witnesses as to whether Peays knowingly possessed the firearm. Testimony from experts regarding the knowing element of the instant charge is prohibited by FRE 704(b).

This Court grants Peays' motion in limine to exclude the introduction of mask and handcuff evidence during the government's cross-examination of Brown. The probative

value of impeaching Brown's testimony is outweighed by the prejudicial effect of admitting mask and handcuff evidence. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

This Court grants in part and denies in part Peays' motion in limine to exclude evidence of Peays' prior robbery convictions, evidence of masks and handcuffs found in Peays' car, and records of jail telephone calls where Peays discusses robberies. Peays' prior convictions for robbery are more prejudicial than probative and generally inadmissible. But the prior convictions for robbery may be introduced under Rule 609(a)(1), as previously discussed, if Peays chooses to testify. Because the prejudicial effect of mask and handcuff evidence substantially outweighs the probative value, the evidence is inadmissible. Admission of the jail phone recording is prejudicial and likely to mislead the jury, and a limiting instruction will not cure the prejudicial effect. In sum, Peays' motion to exclude the mask and handcuff evidence and the jail phone recordings is granted. Peays' motion to exclude prior robbery convictions is denied only insofar as the evidence is admissible under FRE 609(a)(1), as discussed above.

This Court grants in part and denies in part Peays' motion in limine to exclude testimony from Brown regarding Peays' prior contact with the firearm. Brown's testimony regarding Peays' knowledge of the location and ownership of the gun is admissible because it is probative and not prejudicial. Brown's testimony regarding Peays' prior bad act of handling the firearm is inadmissible because the probative value does not outweigh the prejudicial effect. Fed. R. Evid. 404(b).

5

This Court denies Peays' motion in limine to exclude Officer Wynn's testimony that he saw Peays reach under his seat. The testimony is not hearsay. Peays may test the credibility and accuracy of Officer Wynn's testimony on cross-examination.

This Court denies Peays' motion in limine to exclude evidence of cocaine possession, the cocaine transaction, and testimony from Officer Warfield that a gun is a tool of a drug dealer's trade. Under FRE 104(b), when deciding whether to admit a conditional fact, a trial court "examines all of the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 152 (3d Cir. 2002) (quoting *Huddleston*, 485 U.S. at 690). Based upon a preponderance of the evidence, a reasonable jury could conclude that Peays possessed and distributed cocaine. As previously explained, tool-of-the-trade testimony from Officer Warfield is admissible under FRE 702.

### III.

For the above-stated reasons, this Court **DENIES** government's motion in limine for the admission of Officer Crawshaw's prior testimony before the County Magistrate; **DENIES** government's motion in limine for admission of officer Crawshaw's sworn statement given in his search warrant affidavit; **GRANTS** government's motion in limine for admission of expert testimony from Officer Warfield characterizing guns as "tools of the trade" for drug traffickers; **GRANTS IN PART** and **DENIES IN PART** government's motion in limine for admission of Peays' prior convictions should Peays choose to testify; **GRANTS** Peays' motion in limine to exclude testimony from expert

witnesses as to whether Peays knowingly possessed the firearm; **GRANTS** Peays' motion in limine to exclude evidence of masks and handcuffs; **GRANTS IN PART** and **DENIES IN PART** Peays' motion in limine to exclude robbery evidence; **GRANTS IN PART** and **DENIES IN PART** Peays' motion in limine to exclude testimony from Brown regarding Peays' prior contact with the gun; **DENIES** Peays' motion in limine to exclude testimony from Officer Wynn regarding Peays' reaching; and **DENIES** Peays' motion in limine to exclude evidence of cocaine possession, evidence of the cocaine transaction, and testimony from Officer Warfield that a gun is a tool of a drug dealer's trade.

**IT IS SO ORDERED.**

The Clerk is directed to transmit a copy of this order to counsel of the record herein.

DATED: October 22, 2010

_____
D. MICHAEL FISHER
UNITED STATES CIRCUIT JUDGE