IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 10-70 |
| | ) | |
| COLIN PEAYS | ) | |

## MEMORANDUM OPINION AND ORDER

### I.

On April 20, 2010, Defendant Colin Peays was indicted in the United States District Court for the Western District of Pennsylvania for the knowing possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). The indictment alleged that on August 21, 2009, Peays—after having been convicted in the Allegheny County Court of Common Pleas of robbery and attempted robbery, which are crimes punishable for more than a year—did knowingly possess, in and affecting interstate commerce, a Taurus .41 magnum caliber revolver.

On September 9, 2010, Peays filed Defendant's Motion to Suppress Physical Evidence (Document No. 54) seeking the suppression of the contents of the Dodge Charger, including but not limited to the firearm. On October 6, 2010, the government filed a response (Document No. 58) in opposition to Peays' motion. On October 19, 2010, this Court took testimony and heard oral arguments regarding the motion to suppress. For the following reasons, Peays' motion will be denied.

1

## II.

In his motion to suppress, Peays alleges that his stop and subsequent arrest were unreasonable in violation of his rights guaranteed by the Fourth Amendment. On August 21, 2009, at approximately 5:00 P.M., Officers Dennis Wynn and Michael Crawshaw were patrolling the Giant Eagle Parking Lot at 9001 Frankstown Road. During their patrol, the officers stopped Peays to investigate a possible drug transaction. Peays contends that, at the time he was stopped, Officer Crawshaw did not have the requisite reasonable suspicion, nor did he have an arrest warrant.[1] According to Peays, because the stop and search allegedly violated the Fourth Amendment, the "fruits" of the illegal stop must be suppressed. The "fruits" of the stop include the contents of the Dodge Charger, including the firearm. In response, the government argues that Officer Crawshaw had reasonable suspicion that Peays had just committed an offense, and an arrest warrant was not necessary.

At the suppression hearing, Officer Crawshaw was unavailable to testify. Therefore, Officer Wynn testified to the facts and circumstances which led the officers to suspect that Peays was involved in a drug transaction. Officer Wynn stated that the Giant Eagle parking lot is a known drug-trafficking area where he has made

---

[1] Initially, Peays' motion to suppress asserted that Officer Crawshaw lacked probable cause, not reasonable suspicion. Defendant's Motion to Suppress Physical Evidence, Document No. 54, at 6. In response, the government argued that reasonable suspicion, not probable cause, was the correct standard. Government's Response to Defendant's Motions to Suppress Physical Evidence, Document No. 58, at 3. However, at the suppression hearing, both parties agreed that, as a matter of law, the correct legal standard was reasonable suspicion and proceeded to elicit testimony on this basis. Transcript of Suppression Hearing at 3-4, *United States v. Peays*, (No. 10-70).

approximately fifty drug arrests. Transcript of Suppression Hearing at 7-8, *United States v. Peays*, (No. 10-70). Upon entering the parking lot, Officer Wynn observed a Toyota Tundra parked in the spots furthest away from the store entrance. *Id.* at 8. This vehicle immediately caught Officer Wynn's attention because people "tend to park far away from the store to purchase narcotics and then leave the parking lot very quickly." *Id.* at 14. Soon after, a white Dodge Charger entered the parking lot and pulled alongside the Toyota Tundra. *Id.* at 14-15. Officer Wynn testified that Peays exited the Dodge Charger and approached the passenger side of the Toyota Tundra. *Id.* at 16-17. Next, Officer Wynn observed Peays toss a plastic baggie into the Tundra's passenger side window and receive an item. *Id.* at 17. At this point, Officer Wynn believed he had witnessed a drug transaction and approached the vehicles for further investigation. *Id.* at 17-19.

"[A] police officer may conduct a brief investigatory search consistent with the Fourth Amendment without a warrant under the 'narrowly drawn authority' established for a *Terry* stop." *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) (citations omitted). "Such warrantless searches are appropriate where an officer possesses reasonable, articulable suspicion that criminal activity is afoot." *Id.* Officers Wynn and Crawshaw were patrolling a known drug-trafficking parking lot, observed two cars parked far away from the store entrance in the custom of persons involved in a drug transaction, and witnessed a plastic baggie and another item exchanged. Based on these articulable facts and their past experiences as law enforcement officers, reasonable

3

suspicion existed that a drug transaction had just occurred and the stop of Peays vehicle was permissible

### III.

AND NOW, this 15th day of November, 2010, upon consideration of Defendant's Motion to Suppress Physical Evidence (Document No. 54) and the Government's response thereto (Document No. 58), after a hearing on October 19, 2010 and for the foregoing reasons, it is hereby **ORDERED** that Defendant's motion is **DENIED**.

The Clerk is directed to transmit a copy of this order to counsel of the record herein.

D. MICHAEL FISHER
UNITED STATES CIRCUIT JUDGE